HAVERFIELD, Chief Judge.
In these consolidated appeals respondent, Board of Commissioners of the Lower Florida Keys Hospital District, seeks review of the entry of an order of the Career Service Council of Monroe County and the issuance of a final peremptory writ of mandamus directing that the petitioner, Doris Lowery, be reinstated to her position of employment at the Florida Keys Memorial Hospital with full back pay retroactive to August 6, 1976, the date of her termination.
Petitioner-appellee Doris Lowery, who had been an employee of the Florida Keys Memorial Hospital (part of the Lower Florida Keys Hospital District) for more than one year, was terminated by the hospital administrator. Pursuant to the grievance procedures established by the hospital board, she appealed her discharge to the personnel grievance committee of the Florida Keys Memorial Hospital. After several hearings, the committee upheld her discharge. Ms. Lowery then appealed to the Florida Keys Memorial Hospital Board which after a hearing on February 2, 1977 sustained the action of the personnel grievance committee. Thereafter, on February 10 she filed a petition for reinstatement with the Career Service Council of Monroe *288 County created by Chapter 69-1321, Laws of Florida (1969) as amended by Chapter 76-439, Laws of Florida (1976). After a hearing on March 22, the council ordered that Ms. Lowery be reinstated with full back pay retroactive to August 6, 1976. Thereupon the Board of Commissioners of the Lower' Florida Keys Hospital District (the Board hereinafter) filed the instant petition for writ of certiorari seeking to review this reinstatement order. On April 6 Ms. Lowery filed a petition for peremptory writ of mandamus in the Circuit Court of the 16th Judicial Circuit requesting that the Board be directed to reinstate her as an employee of the hospital. The Board responded and subsequently a final peremptory writ of mandamus was entered ordering the Board to immediately reinstate Ms. Lowery to her former position as an employee together with all of the accouterments and emoluments of that position, including all back pay to August 6, 1976, accrued sick and annual leave. The Board appealed therefrom and both appeals were consolidated.
Although the Board raises several points, we need only discuss that point regarding the timeliness of Ms. Lowery’s petition for reinstatement filed with the Career Service Council.
Section 6 of Chapter 76-439, Laws of Florida (1976) set out below clearly states that a discharged career service employee has 30 days from the date o'f discharge to file his (or her) petition with the Career Service Council:
“Section 6. Any career service employee who has been suspended, discharged, given a reduction in pay or a demotion, shall have the right to appeal said action to the career service council, by filing a petition with said council within thirty (30) days following such suspension, discharge, reduction in pay or demotion. Said petition shall be heard by said council .. . ”
Ms. Lowery was discharged on August 6, 1976 but did not file her petition for reinstatement until February 10, 1977, well in excess of the 30 days. Therefore, we find that the Career Service Council was without jurisdiction to consider her petition and consequently the order directing her reinstatement was null and void.
Upon being discharged, Ms. Lowery had the option of either filing her petition with the council within the 30 days allotted or utilizing the grievance procedures established by the hospital Board. To permit Ms. Lowery to first take advantage of the hospital’s grievance procedures and following an adverse determination of the Board to then petition the Career Service Council within 30 days therefrom would frustrate the very purpose of the subject act (1) to provide a speedy review and final disposition with respect to the employee’s discharge and (2) to avoid the absurd result of making the employer after almost 2 years, reinstate a former employee with full back pay and all other accrued benefits from the date of discharge.
Accordingly, the writ of certiorari is hereby granted, and the order of the Career Service Council and the final writ of mandamus are quashed.
Certiorari granted.